

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~JOHN DEN STEPSTEIN~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Charley Lockhart
State Treasurer,
Austin, Texas

Dear Mr. Lockhart:

Opinion No. 0-2870

Re: Whether or not revenue bonds
are eligible under the State
Depository Law as collateral
for State funds.

We beg to acknowledge receipt of your letter of
October 30, 1940, requesting an opinion of this department,
whether or not revenue bonds are eligible under the State
Depository Law as collateral for State funds.

Article 2529 of the Revised Civil Statutes pre-
scribing the character of security required of a State de-
pository insofar as it applies to securities as contradis-
tinguished from a bond, is as follows:

"* * * by pledging with the Treasurer
any securities of the following kinds: Bonds
end certificates and other evidences of in-
debtedness of the United States, and all other
bonds which are guaranteed as to both principal
and interest by the United States; bonds of this
State; bonds and other obligations issued by the
University of Texas; warrants drawn on the State
Treasury against the General Revenue of the
State; bonds issued by the Federal Farm Mortgage
Corporation provided both principal and interest
of said bonds are guaranteed by the United States
Government; Home Owners Loan Corporation Bonds,
provided both principal and interest of said bonds
are guaranteed by the United States Government and
such securities shall be accepted by the Board
in an amount not less than five (5) per cent
greater than the amount of State funds which
they secure; provided, that Texas Relief Bonds
may be accepted at face value and without mar-
gin for the amount of State funds allotted,
provided, such State Relief Bonds have all un-
matured coupons attached; bonds of counties
located in Texas; road districts of counties
in Texas; independent and common school dis-
tricts located in Texas; and bonds issued by
municipal corporations in Texas; * * *"

The only class of securities listed in this eligi-
ble group that could by any sort of construction include

revenue bonds is "bonds issued by municipal corporations in Texas."

Ordinarily "municipal corporations" contemplates cities and towns, although the term has a common and broader significance, and often includes all character of public corporations as contradistinguished from private corporations. Regardless of this distinction, however, we are of the opinion that the language, "bonds issued by municipal corporations in Texas" contemplates the direct obligations of such municipal corporation, and not the revenue bonds that may be issued by such corporation payable out of defined earned revenues rather than from public taxes.

It will be observed that throughout the list of eligible securities the bonds, certificates or other evidences of indebtedness permitted contemplate the direct obligations of the issuers, and considering the context, we give to bonds issued by municipal corporations the same meaning. This is the ordinary rule of construction of statutes known as noscitur a sociis -- words are known by their associates.

So that, you are respectfully advised that your question should be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
Ocie Speer
Assistant

OS:MR:jrb

APPROVED JAN. 2, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, Chairman